## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIMBERLY ASKA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| UNKNOWN OFFICERS OF THE UNITED | ) | |
| STATES MARSHALS SERVICE *in their* | ) | |
| *individual capacities.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT

Plaintiff, KIMBERLY ASKA, by her attorneys LOEVY & LOEVY, complains of

the UNITED STATES OF AMERICA, and UNKNOWN OFFICERS OF THE UNITED

STATES MARSHALS SERVICE, as follows:

### INTRODUCTION

1.      This is a civil rights action raising constitutional claims under the

Fourth Amendment against federal officials pursuant to *Bivens v. Six Unknown Agents

of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and against the United States

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ , 1346, 2671-80, for

their unlawful actions.

2.      On the afternoon of January 11, 20022, United States Marshals ("U.S.

Marshals") came to the home of Plaintiff Kimberly Aska, used unnecessary and

unjustified violence against her, and entered and searched her home without lawful

consent.

3.      Defendant Marshals' actions constitute torts for which the United States of America ("United States") is liable pursuant to the Federal Tort Claims Act. The Fourth Amendment to the United States Constitution also constrains law enforcement's actions by protecting citizens from unreasonable searches and seizures, and the excessive use of force, and Defendant Marshals' actions were clearly unreasonable. Plaintiff now seeks damages for these violations of her rights.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fourth Amendment to the United States Constitution and the Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346. The FTCA also confers jurisdiction. 28 U.S.C. § 1346(b)(1).

5.      With respect to Plaintiff's claims under the Federal Torts Claims Act, on May 10, 2022, an administrative claim in the amount of five hundred ($500,000) thousand dollars was timely mailed electronically to the United States Marshals Service in Washington, D.C.  The United States Marshall replied on May 11, 2022, acknowledging Plaintiff's submission of her administrative claim.

6.      After six months, the United States and/or the U.S. Marshals Service failed to adjudicate Plaintiff's claim. Therefore, Plaintiff has exhausted her administrative remedies under 28 U.S.C. § 2401(b) and fulfilled all prerequisites to the filing a Complaint for Damages, whereby the United States is now a proper party under 28 U.S.C. § 1346.

7.      Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and the events and omissions giving rise to Plaintiff's claims

occurred within this judicial district, and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for personal injury arising out of conduct of a United States employee.

## PARTIES

8.     Plaintiff, Kimberly Aska, is an adult citizen of the State of Illinois.

9.     On information and belief, each of the Unknown Officers of the U.S. Marshals ("Defendant Marshals") is a citizen of the State of Illinois and agent of the U.S. Marshal's Service. In this capacity, Defendant Marshals were authorized and empowered by law to execute searches, to seize evidence, and/or to make arrests for violations of federal law. Defendant Marshals took the acts alleged herein within the scope of their employment and agency.

10.     Defendant Marshals are sworn officers who are employed by the United States. At the time of the events at issue, all Defendant Marshals were acting within the scope of their employment and under color of law of the United States. They are sued in their individual capacities.

11.     Defendant United States is the governing entity that operates and oversees the U.S. Marshals Service. In this case, the United States acted through its agents, Defendant Marshals.

## FACTS

12.     On the early afternoon of January 11, 2022, Ms. Aska was driving her vehicle with her cousin on or around Second Street in Dekalb, Illinois.

13.     Ms. Aska was pulled over by Defendant Marshals on or around Charter Street and Second Street, where multiple law enforcement vehicles surrounded her

vehicle. One man introduced himself as a U.S. Marshal and demanded that she take them to her house. The Defendant Marshal said that they wanted to see her boyfriend. Ms. Aska told the Defendant Marshals that she did not want to go with them. The Defendant Marshals threatened to confiscate her phone unless she went with them. Ms. Aska was then placed into one of the Defendant Marshal's vehicles and transported to her house.

14.     At the house, the Defendant Marshals demanded that Ms. Aska enter her home and retrieve her boyfriend. Ms. Aska attempted to enter, but the door was locked. Her cousin then climbed through the window to open the door.

15.     Once the door was open, Ms. Aska stepped inside and the Defendant Marshals told her to "get back here" and stood at the entrance of her doorway. The Defendant Marshal's then falsely told Ms. Aska that they had a warrant to search her house for guns. Ms. Aska did not resist the officers and did not consent to any search of her home.

16.     Around 1:52 p.m., Ms. Aska told the Defendant Marshals that she would let them inside shortly, but not at that time. Standing in her doorway, the Defendant Marshals questioned her about why she needed additional time, and continued to interrogate her on the whereabouts of her boyfriend. Ms. Aska reiterated that she did not know his whereabouts. The Defendant Marshals asked to enter her home, but Aska refused to consent.

17.     The Defendant Marshals became enraged, and threatened her with imprisonment. Ms. Aska pleaded with the officers to give her a moment before they

4

barged into her home. Then, without warning, one of the Defendant Marshals lunged at Ms. Aska through the doorway.

18.     The foregoing events were captured on video camera. The following still photo, taken from the video, accurately depicts the events described in the preceding paragraph.



19.     This Marshal then grabbed Ms. Aska and slammed her against the wall. These events are accurately depicted in the following photo:



20.    Ms. Aska begged other Defendant Marshals to intervene, in fear for her life. Defendant Marshals then grabbed Ms. Aska by her hair. The following photo accurately depicts these events.



21.    The Defendant Marshals then slung Ms. Aska into the air. The following photo accurately depicts these events.



22.    Defendant Marshalls tossed Ms. Aska onto the concrete pavement. The following photo accurately depicts these events.



23.     A Defendant Marshal then tackled Ms. Aska and yelled at her in an aggressive manner: "don't fucking come running up on us." (see fig. 6) Ms. Aska was not attempting to escape.  The following photo accurately depicts these events.



24.     Ms. Aska never fought back during this brutalization, but tried to shield herself as best she could.

25.     Defendant Marshals then told Ms. Aska that she was under arrest. In shock, she repeatedly asked why she was being arrested. A Defendant Marshal replied

that it was because she was "lying" to them about the whereabouts of her boyfriend. Ms. Aska pleaded again that she did not know whether her boyfriend was at home.

26.     Ms. Aska begged one or more of the Defendant Marshals to do something to help her because she had been attacked without provocation or justification. She was bleeding and severely injured.

27.     Ms. Aska's injuries are accurately depicted in the following photograph.



28.     Ms. Aska begged for medical attention. The Defendant Marshals did not provide Ms. Aska with immediate medical attention. Rather, they forced her to walk down the street on her injured leg and placed her in a law enforcement vehicle. After an unjustified delay, they eventually agreed to call the paramedics, but also threatened Ms. Aska that, if she went to the hospital, they would take her to jail immediately afterwards. This threat scared Ms. Aska and prevented her from going to

the hospital. Instead, when the paramedics arrived, they merely wrapped her knee in a bandage, and Ms. Aska endured more pain and suffering   Rather than encourage Ms. Aska to receive medical attention, the Defendant Marshals continued to ask her for her assistant to call her boyfriend and ascertain his whereabouts.

29.     Over the course of the next hour, the Defendant Marshals continued to harass Ms. Aska to call her boyfriend, which she eventually did. Ms. Aska asked him to come out of the house if he was inside.  Finally, her boyfriend came out.

30.     The Defendant Marshals then demanded that Ms. Aska enter her home to secure her dogs.  She complied. The Defendant Marshals proceeded to search Ms. Aska's home without a warrant.

31.     A search warrant was finally issued at 4:30 p.m, after the Defendant Marshals had already assaulted Ms. Aska and conducted an illegal search of her home.

32.     The Defendant Marshals lacked any justification for conducting a warrantless search of Ms. Aska's home or brutalizing her.  Ms. Aska was not arrested, and no charges were brought against her.  There were no exigent circumstances.

33.     After her release, Ms. Aska family eventually took her to Northwestern Emergency Center, 635 North Fairbanks Court, Chicago, Illinois, 60611, where she received medical attention for her injuries.

34.     Contrary to the U.S. Marshalls' stated mission to "protect, defend, and enforce", Ms. Aska has suffered physical and emotional injury, humiliation, direct and indirect financial loss and harm, damage to professional reputation, loss of enjoyment

9

of life, loss of personal property, damages from the restrictions on her liberty, and other grievous and continuing injuries and damages.

## COUNT I
## FEDERAL TORT CLAIMS ACT, 28 U.S.C. § 1346
## NEGLIGENCE
## (against Defendant United States)

35.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

36.    If the United States were a private person, it would be liable to Ms. Aska under the law of Illinois for negligence.

37.    Under the FTCA, the United States is liable for actions taken by its employees acting under the color of their employment with the United States. Because Defendant Marshals acted within the scope of their employment as law enforcement officers of the federal government, the United States is liable for Plaintiff's personal injury resulting from Defendant Marshals' actions.

38.    With regard to negligence, U.S. Marshals owed a duty to the Plaintiff to exercise reasonable care in their desire to apprehend and in the apprehension of Plaintiff, so as not to expose Plaintiff to the risk of serious bodily injury, who was a person not suspected of any crime and who was no danger to said U.S. Marshals.  One or more Defendant Marshals had duty to prevent other Defendant Marshals from brutalizing and using excessive force against Plaintiff.

39.    With regard to negligence, the U.S. Marshals breached their duty of care to the Plaintiff by failing to exercise reasonable care in planning the

apprehension, which exposed Plaintiff to the risk of serious bodily injury, when she was not suspected of any crime and who was no danger to said United States Marshals. One or more Defendant Marshals breached their duty of care to Plaintiff because they had a reasonable opportunity to prevent other Defendant Marshals from brutalizing and using excessive force against Plaintiff but failed to do so.

40.     The negligence of the United States Marshals are the direct and proximate cause of damages Plaintiff suffered and continues to suffer as set forth above.

**COUNT II**
**FEDERAL TORT CLAIMS ACT, 28 U.S.C. § 1346**
**ASSAULT**
**(against Defendant United States)**

41.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

42.     If the United States were a private person, it would be liable to Ms. Aska under the law of Illinois for assault.

43.     Under the FTCA, the United States is liable for actions taken by its employees acting under the color of their employment with the United States. Because Defendant Marshals acted within the scope of their employment as law enforcement officers of the federal government, the United States is liable for Plaintiff's personal injury resulting from Defendant Marshals' actions.

44.     With regard to the assault committed by the U.S. Marshals, they intentionally, unlawfully, and without legal justification, grabbed, slammed, and slung

11

Plaintiff from inside her home, thereby placing Plaintiff in the well-founded fear of imminent peril and injury.

45.     The assault committed by the U.S. Marshals was the direct and proximate cause of damages Plaintiff suffered and continues to suffer as set forth above.

## COUNT III
## FEDERAL TORT CLAIMS ACT, 28 U.S.C. § 1346
## BATTERY
### (against Defendant United States)

46.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

47.     If the United States were a private person, it would be liable to Ms. Aska under the law of Illinois for battery.

48.     Under the FTCA, the United States is liable for actions taken by its employees acting under the color of their employment with the United States. Because Defendant Marshals acted within the scope of their employment as law enforcement officers of the federal government, the United States is liable for Plaintiff's personal injury resulting from Defendant Marshals' actions.

49.     With regard to battery committed by the United States Marshals, the intentionally, unlawfully, and without legal justification, inflicted harmful and offensive contact upon the body of the Plaintiff by grabbing, slamming, and slung her from inside her home onto the concrete pavement out front, causing severe injury to her person.

50.     The Plaintiff never gave consent to the U.S. Marshals to inflict such harmful and offensive contact upon her body.

51.     The battery committed by the U.S. Marshals was the direct and proximate cause of damages Plaintiff suffered and continues to suffer as set forth above.

## COUNT IV
## FEDERAL TORT CLAIMS ACT, 28 U.S.C. § 1346
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)

52.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

53.     If the United States were a private person, it would be liable to Ms. Aska under the law of Illinois for intentional infliction of emotional distress.

54.     Under the FTCA, the United States is liable for actions taken by its employees acting under the color of their employment with the United States. Because Defendant Marshals acted within the scope of their employment as law enforcement officers of the federal government, the United States is liable for Plaintiff's personal injury resulting from Defendant Marshals' actions.

55.     With regard to intentional infliction of emotional distress, the Defendant Marshals acted intentionally, recklessly, unlawfully, and without legal justification, engaged in extreme and outrageous conduct when they grabbed, slammed, and slung Plaintiff from inside her home onto the concrete out front, thereby placing Plaintiff in severe emotional distress and fear of imminent peril and injury.

56.     The Defendant Marshals' conduct was the actual and proximate cause of damages Plaintiff suffered and continues to suffer set forth above.

## COUNT V
### BIVENS CLAIM
### UNREASONABLE SEARCH AND SEIZURE
### (against Defendants Marshals)

57.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

58.     Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures by government officers, including intrusions into their home carried out in an unreasonable manner.

59.     The Plaintiff never gave consent to the United States Marshals to enter her home.

60.     As a result of Defendants' misconduct described in this Count, Plaintiffs suffered and continues to suffer damages as set forth above.

## COUNT VI
### BIVENS CLAIM
### UNLAWFUL DETENTION
### (against Defendants Marshals)

61.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

62.     Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution against unlawful detention.

14

63.     In the manner described more fully above, Defendant Marshals deprived Plaintiff of her liberty and detained her without probable cause in violation of her rights under the Fourth Amendment.

64.     This misconduct was objectively unreasonable and was undertaken intentionally, with reckless indifference to the rights of others, and in total disregard of the Plaintiff's rights.

65.     As a result of Defendants' misconduct described in this Count, Plaintiffs suffered and continues to suffer damages as set forth above.

**COUNT VII**
**BIVENS CLAIM**
**EXCESSIVE FORCE**
**(against Defendants Marshals)**

66.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

67.     Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution against excessive force.

68.     In the manner described more fully above, Defendant Marshals misconduct was objectively unreasonable under the circumstances, excessive, and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights. Plaintiff posed no immediate threat to the Defendant Marshals, and Plaintiff was not actively resisting or evading arrest.

69.     As a result of Defendants' misconduct described in this Count, Plaintiffs suffered and continues to suffer damages as set forth above.

15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KIMBERLY ASKA, respectfully requests that this Court enter a judgment in his favor and against the UNITED STATES GOVERNMENT and UNKNOWN OFFICERS OF THE UNITED STATES MARSHALS' SERVICE awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against each of the individual Defendants, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, KIMBERLY ASKA, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

KIMBERLY ASKA


BY: /s/ Quinn K. Rallins
    *One of Plaintiff's Attorneys*


Jon Loevy
Quinn K. Rallins
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
rallins@loevy.com

16

## CERTIFICATE OF SERVICE

I, Quinn Rallins an attorney, hereby certify that on January 3, 2023, I filed the foregoing COMPLAINT using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Quinn K. Rallins
*One of Plaintiff's Attorneys*

Jon Loevy
Quinn K. Rallins
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
rallins@loevy.com

17