## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| KIMBERLY ASKA, *Plaintiff,* v. UNITED STATES *et al.*, *Defendants.* | NO. 3:23-CV-50004 HON. IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

The plaintiff in this action, Kimberly Aska, alleges that IDOC officers Matthew Montemayor and Kenneth Yingling (among others) tortiously injured her while attempting to arrest a parolee at her house in early 2022. Dkt. 177 at 1-3. Before the court are Montemayor and Yingling's respective motions to dismiss certain counts in Aska's complaint under Rule 12(b)(6). Montemayor moves against counts 1 through 6; Yingling, against Counts 2 through 10.[1] Dkt. 75 at 1; Dkt. 76 at 1.

Several counts require little discussion. Aska has already voluntarily dismissed counts 7 through 10. Dkt. 163. She has also conceded that counts 1 and 6 are duplicates and that one ought to be dismissed. *See* Dkt. 94 at 15. Count 6 is therefore dismissed.

That leaves at issue counts 1 through 5 against Montemayor and counts 2 through 5 against Yingling. All are brought under §1983. Dkt. 19 ¶¶66-93. To state a claim

---

[1] Yingling expressly disclaims an effort to dismiss count 1. Dkt. 198 at 1.

1

under §1983, Aska must allege that a government official "acting under color of *state* law" deprived her of a federal right. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 459 (7th Cir. 2007) (emphasis added). She ambiguously pleads that Montemayor and Yingling acted under "color of law." Dkt. 19 ¶19. But because the complaint later suggests that they acted under color of federal law, one cannot reasonably draw the required inference that they acted under color of state law. *See id.* ¶31 (describing how defendants "introduced themselves as U.S. Marshals"). A court need not ignore allegations that undermine the plaintiff's claims. *Slaney v. Int'l Amateur Athletic Fed.*, 244 F.3d 580, 597 (7th Cir. 2001); *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). So, these counts must be dismissed because they each fail to state a claim under §1983.

\* \* \*

The plaintiff may amend her complaint by July 31, 2024, to address this shortcoming. If no amended complaint is filed by then, the dismissal of these counts will be with prejudice.

Date: July 10, 2024

                                                                  HON. IAIN D. JOHNSTON
                                                                  *United States District Judge*