IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY ASKA, | CASE NO. 3:23-CV-50004 |
| PLAINTIFF, | |
| V. | HONORABLE IAIN D. JOHNSTON |
| KENNETH YINGLING, ET AL. | |
| DEFENDANTS. | |

## OPINION AND ORDER

On January 23, 2026, this Court issued an Order granting in part and denying in part Defendants' motion for summary judgment. Dkt. 303. The surviving claims allege excessive force and failure to intervene. Defendants filed an interlocutory appeal with the Seventh Circuit Court of Appeals challenging the denial of qualified immunity. In response, the Court issued a Rule to Show Cause why it should not certify the Defendants' appeal as frivolous. Dkt. 314. Both parties responded. Dkts. 316-318.[1] For the reasons below, the Court declines to certify the appeal as frivolous. Instead, in its discretion, the Court leave it up to the Seventh Circuit to police its jurisdiction. This Court must act with restrain, but the Seventh Circuit's authority is not cabined. Indeed, it has an independent duty to ensure jurisdiction exists.

---

[1] Defendants combined their motion for summary judgment but separated their responses to the Court's Rule to Show Cause. This decision—an all-or-nothing approach before this Court, then a take-what-you-can-get approach before the Seventh Circuit—is clearly strategic and doesn't escape the Court's analysis.

**Background**

The Court assumes familiarity with the background of the case, detailed at length in its prior order on summary judgment. Dkt. 303. For relevant context, the Defendant officers found themselves on Aska's porch while (poorly) attempting to execute an arrest warrant on Aska's boyfriend. After Aska entered her home, the Defendant officers believed that she needed to be removed. So, they removed her.

> Aska informed Defendants that she "need[ed] a second" before letting them into the home. Id. at ¶ 40. The officers declined to provide her this time and ordered Aska to exit the home. *Id.* at ¶¶ 41-43. Yingling then entered the home and physically removed Aska from the home. *Id.* at ¶ 45. Aska verbally and physically resisted. *Id.* at ¶ 46; Ex. BB. She retreated into the home, yelled, and braced herself on the frame of the door, and then hooked her leg around the front door. *Id.* Montemayer removed Aska's hand from the doorframe to assist Yingling in removing Aska from the home. Defendant's Statement [278] at ¶ 50. In the process of removing Aska from the home, she suffered an injury to her knee. *Id.* at ¶ 52. Aska was placed under arrest but was not criminally charged for any offense related to the events on that day. *Id.* at ¶¶ 58, 64.
>
> *Aska v. Yingling*, No. 23-CV-50004, 2026 U.S. Dist. LEXIS 12624 at \*20 (N.D. Ill. Jan. 22, 2026).

In denying Defendants qualified immunity on the claim of excessive force, the Court noted that the entire encounter is video recorded for a jury to view, that reasonableness is a quintessential question for the jury, and ultimately held:

> It's not necessary to evaluate every moment of the encounter between Aska, Yingling, and Montemayer to come to this conclusion [denying summary judgment]. It is sufficient to say that Defendants' reasonableness is a disputed material question of fact. Aska will argue that the totality of the circumstances—including officers permitting Malone to apparently enter the home through a window just before claiming safety required Aska's removal from the home—demonstrates that aggressive, overzealous, and assaultive police officers forcibly ejected her from her own home. Yingling and Montemayer will argue that the totality of the circumstances—including Aska lying repeatedly to them about a violent felon's whereabouts—constituted a dangerous

2

and volatile situation during which they used force appropriately. Whether the actions were reasonable is for a jury to decide based on its factual findings.

Qualified immunity fails to shield Defendants from this claim. Although it's true that qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law," it is clearly established that use of excessive force during an arrest is a constitutional violation. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 687 (7th Cir. 2007). Construing the facts in a light most favorable to Aska, no reasonable officer could have believed throwing a non-resisting—or passively resisting—subject onto her concrete stoop, causing injury, was reasonable.

*Id.* at 23-24.

## Legal Standards

Generally, only the "final decisions" of a district court are appealable. 28 U.S.C. § 1291. A denial of a motion for summary judgment—as merely a "step along the route to final judgment" is thus not generally appealable, because it's not final. *Dupree v. Younger*, 598 U.S. 729, 736 (2023) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011)).

The collateral-order doctrine provides a limited exception. *Jackson v. Curry*, 888 F.3d 259, 262 (7th Cir. 2018); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). The collateral-order doctrine permits an immediate appeal of the denial of qualified immunity because "qualified immunity is immunity from suit rather than a mere defense to liability and is effectively lost if a case is erroneously permitted to go to trial." *Jackson*, 888 F.3d at 262 (quoting *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015)). Appellate review is limited to only pure legal questions; factual determinations are not immediately

3

reviewable. *Jackson*, 888 F.3d at 262 (citing *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018)).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This permits already aging cases to linger on the appellate court's crowded docket rather than being resolved with trials. *Apostol*, 870 F.2d at 1338-39. And so when faced with a sham or baseless claim to immunity, the district court may simply say, "no." A district court may certify an appeal to the court of appeals as frivolous and proceed to trial notwithstanding the appeal. *Id.* at 1339.

**Analysis**

While providing a useful tool in supervising the judicial economy of its docket, *Apostol* also advocates for restraint. *Apostol*, 870 F.2d at 1339; *see also McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030 (7th Cir. 1992). The Court agrees that certification should be reserved for only "truly unique circumstances." *Engel v. Buchan*, No. 10-C-3288, 2010 U.S. Dist. LEXIS 128191 at \*2 (N.D. Ill. Dec. 3, 2010).

Here, although the Court believes the Defendants' arguments to be largely without merit by very nature of the claim of excessive force—and the necessary reasonableness inquiry therein—it can't be said their arguments are a "sham," "baseless," or "unfounded." *Apostol*, 870 F.2d at 1339; *McMath*, 976 F.2d at 1031. Furthermore, it can't be said that the question for the Seventh Circuit is factual in

4

nature. Indeed, there's clear video evidence of the encounter, that can be easily viewed in a light most favorable to Aska. The only dispute to be resolved at the Seventh Circuit is purely legal: was it clearly established that Defendants' force presented a constitutional violation; and could a reasonable officer have believed that their force was reasonable? These are questions that can be answered on an interlocutory basis.

The Court has confidence in the Seventh Circuit that it can quickly decide if it has jurisdiction. Indeed, the briefing of this motion will likely be helpful to the Seventh Circuit. If the Seventh Circuit determines jurisdiction exists, then it can review the video recording and determine whether Defendants are entitled to qualified immunity. If Aska is concerned about a lengthy appeal, she can ask the Seventh Circuit for a summary disposition. *Apostol*, 870 F.2d at 1340. After all, the Seventh Circuit is well-versed in the law of qualified immunity as it relates to excessive force claims, and the panel members can review the video recording for themselves.

**Conclusion**

For the above reasons, the Court in its discretion declines to certify Defendants' appeal as frivolous. A copy of this Order shall be transmitted to the Seventh Circuit. The motion [318] is denied.

Date: April 13, 2026                     By:  _____

Iain D. Johnston
United States District Judge

5